IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LAWRENCE LEE JONES,

     Petitioner,

v.                                CASE NO. 4:14-cv-489-MW-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is a state prisoner in the custody of the Department of Corrections ("DOC").  The Petition stems from a September 6, 2012 disciplinary report ("DR") for disorderly conduct, for which Petitioner received 30 days in disciplinary confinement.  Petitioner contends that he was denied due process because the DR investigator failed to obtain all his requested witness statements, the DR investigator failed to provide him with requested video evidence, the DR hearing team did not consider a written statement he attempted to present at the hearing, the DR hearing team did not appoint a staff assistant to assist him in collecting witness statements and evidence, and the DR hearing team failed to provide him with a written statement of its findings.  Petitioner seeks a writ of habeas corpus, directing Respondent to expunge the DR. (Doc. 1.)

Respondent has filed a motion to dismiss with relevant exhibits.  (Doc. 9.) Respondent contends that Petitioner's claim is moot because he has been released from disciplinary confinement, that this Court lacks jurisdiction to review Petitioner's

claims because they were dismissed by the state court on an independent state procedural ground, and that Petitioner has no cognizable constitutional claim because he lost no gain time in connection with the DR.  Upon due consideration, the undersigned recommends that the Petition be dismissed.[1]

## Background

Petitioner was issued a DR for disorderly conduct on September 6, 2012.  (Doc. 9-3 at 29.)  The disciplinary hearing was held on September 11, 2012.  *Id.* at 38.  The DR hearing team found Petitioner guilty and sentenced him to thirty days of disciplinary confinement.  *Id.*  Petitioner was placed in disciplinary confinement from September 11, 2012 until October 2, 2012 and did not lose gain time in connection with the DR.  (Doc. 9-10 at 1; Doc. 9-3 at 38.)

After Petitioner was found guilty of the charges in the DR, he filed three grievances concerning the hearing.  He filed the first grievance, Number 1209-224-032, on September 14, 2012, alleging various violations of due process in connection with the hearing. (Doc. 1 at 32-34; Doc. 9-2 at 29-31.)  The DOC denied the grievance at the institutional level, and Petitioner appealed, claiming he never received an institutional response.  (Doc. 9-2 at 32, 38-40.)  The DOC returned the appeal to Petitioner without action because he did not include a copy of the institutional response. *Id.* at 42.  He appealed this grievance a second time, claiming that the DOC prevented him from obtaining the institutional response earlier, and the DOC returned the appeal without

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

action because it was submitted in violation of the page limits set out in the guidelines. (Doc. 9-2 at 45-49, 51.)  On November 16, 2012, Petitioner re-submitted the appeal to the DOC central office, but the appeal was returned without action because he did not file it within 15 days of the institutional response. (Doc. 9-2 at 51-55, 56.)

Petitioner filed the second grievance, Number 1210-224-011, on September 20, 2012, alleging that the DOC failed to consider whether the DR was major or minor under DOC guidelines. (Doc. 9-3 at 39.)  The DOC denied the grievance at the institutional level on October 19, 2012, stating that the DR could not be minor because the maximum penalty was greater than that reserved for minor DRs. (Doc. 9-3 at 40.)  Petitioner appealed this grievance and it was denied on November 19, 2012. (Doc. 9-3 at 40-41.)

On September 30, 2012, Petitioner filed the third grievance, Number 1210-224-013, alleging that the DOC violated Petitioner's due process rights because one of the officers investigating the DR served as chairperson of the hearing. (Doc. 9-2 at 34.)  The grievance was denied at the institutional level, and Plaintiff appealed the denial. (Doc. 9-2 at 35, 43.)  The appeal was denied on November 19, 2012. (Doc. 9-2 at 44.)

On January 3, 2013, Petitioner filed a Petition for Writ of Mandamus in the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida, alleging that his due process rights were violated in connection with the DR. (Doc. 9-2 at 7-22.)  Respondent filed a response on March 14, 2013, arguing that Petitioner's claims were time-barred and that he failed to state a claim. (Doc. 9-3 at 4-27.)  The Second Judicial Circuit issued an order on January 30, 2014 dismissing the Petition as time-barred pursuant to Fla. Stat. § 95.11(8). 9-5 at 51-52.)  Petitioner appealed to the First District Court of Appeal on February 12, 2014. (Doc. 9-6 at 1-21.) The First District Court of

Appeal issued a *per curiam* order affirming the dismissal of Petitioner's petition on August 20, 2014.  (Doc. 9-8 at 1.)  Petitioner filed this Petition on September 19, 2014.  (Doc. 1.)

## Discussion

**A.  This Court lacks jurisdiction because the petition is moot.**

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  "[T]he common-law history of the writ, . . . the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The only relief that can be gained in a habeas action is an immediate or speedier release from custody.

In the instant case, Petitioner did not lose gain time credits as a result of the challenged disciplinary decision.  (Doc. 9-10 at 1; Doc. 9-3 at 38.) Because Petitioner's disciplinary proceeding did not implicate the fact or duration of his confinement, there is no basis for federal habeas relief.

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  In *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit found that where a "prisoner has completed an imposed term of administrative segregation before he files his petition [for writ of habeas corpus] . . .the 'petition [is] moot when filed and cannot be revived by collateral consequences."

*Medberry,* 351 F.3d at 1053 (quoting *McCollum v. Miller*, 695 F. 2d 1044 (7th Cir. 1982)). The petitioner in *Medberry* had completed administrative segregation before filing a habeas petition challenging it and had not shown that the disciplinary proceeding would affect the length of his confinement.  *Id.*  In this case, Petitioner was released from disciplinary confinement in October 2012, almost two years prior to filing the instant habeas petition.  Furthermore, the record establishes that Petitioner did not lose gain time credits as a result of the challenged disciplinary decision; thus, a challenge to Petitioner's disciplinary confinement is moot.

To the extent that Petitioner argues that his petition is not moot because he was prohibited from earning gain time while in disciplinary confinement, effectively lengthening his sentence, this argument fails.  The Eleventh Circuit has held that the loss of eligibility to earn incentive gain time under Fla. Admin. Code § 33-601.101(5)(a) does not give rise to a liberty interest that triggers due process protections.  *Hartley v. Warden*, 352 F. App'x 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[2]  This Court and other District Courts within the Eleventh Circuit have come to a similar conclusion.  *See, e.g, Hartley v. Ellis*, 2009 U.S. Dist. LEXIS 74917 (N.D. Fla. 2009) (concluding petitioner had no liberty interest in eligibility to earn incentive gain time); *Hartley v. McNeil,* No. 5:07-cv-233-RS-AK, 2009 U.S. Dist. LEXIS 122825 (N.D. Fla. 2009) (same); *Hartley v. McNeil*, No. 1:07-cv-22683, 2008 U.S. Dist. LEXIS 60225, 2008 WL 3200213 (S.D. Fla. 2008) (same); *Figueredo v. Crosby,* No. 4:03-cv-262-SPM-AK (2004) (same); *Hollingsworth v. Crosby*, No. 4:02-cv-402-RH-WCS (N.D. Fla. 2004)

---

[2]Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

(same); *see also Sandin v. Conner,* 515 U.S. 472 (1995) (chance that finding of misconduct will inevitably affect parole decision is too attenuated to invoke procedural guarantees of due process).

One recognized exception, however, to the rule of mootness is where the situation is 'capable of repetition, yet [evades] review." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).  This only applies in exceptional situations, when the plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality. *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

Here, Petitioner has not established that there is a reasonable expectation that he will be subjected to disciplinary confinement for the same reason again.  The record shows that Petitioner was not housed in administrative or disciplinary confinement at any point in 2014, but has been in open population and assigned to a job as a houseman. (Doc. 9-10 at 1-2.)  Moreover, were Petitioner to argue that he would be sent to disciplinary confinement again, this is not a showing that the same circumstances repeatedly give rise to the discipline.  Accordingly, Petitioner's Petition does not qualify for the exception to the mootness doctrine.

Because Petitioner had completed the term of disciplinary confinement at issue at the time of filing the instant petition, and he cannot show that the DR affected the length of his confinement, the instant petition was moot when filed.

## B.  The Petition is unexhausted and procedurally defaulted.

To file a habeas corpus petition under 28 U.S.C. § 2254, a state prisoner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); See *Duncan v. Henry*, 513 U.S. 364, 364-65 (1995). To satisfy the exhaustion requirement, the

petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  An issue that was not presented to the state court, and which can no longer be litigated under state procedural rules, is considered to be procedurally defaulted.  *Id*. at 839-40, 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir.1999).  Procedural default may occur where the state court correctly applies a procedural principle of state law and concludes that the petitioner's federal claims are barred.  *Bailey*, 172 F.3d at 1302-03.   A federal court is not required to honor a state's procedural default ruling, however, unless that ruling rests on adequate state grounds that are independent of a federal question. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

The Court employs a three-part test to determine whether a state's procedural ruling constitutes an adequate and independent state rule of decision. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir.2001). "First, the last state court to render judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." *Id*.  Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an application of federal law. *Id*.  "Finally, the state procedural rule must be adequate; *i.e.,* it must not be applied in an arbitrary or unprecedented fashion." *Id*.  In other words, the rule must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-25, 111 S.Ct. 850, 857-58, 112 L.Ed.2d 935 (1991).

This Court lacks jurisdiction to review Petitioner's claims because the claims are unexhausted and procedurally defaulted.  The Second Judicial Circuit dismissed

Petitioner's petition for writ of mandamus because it was not filed within thirty days of the date he exhausted his administrative remedies, as provided in Fla. Stat. § 95.11(8). (Doc. 9-5 at 51-52.)   The court, there, determined that Petitioner's administrative remedies were exhausted on November 20, 2012, when the DOC's Central Office filed a response to his second grievance with the agency clerk.  (Doc. 9-5 at 51-52.)   The state law procedural ground is entirely independent from Petitioner's federal law claims alleging violations of constitutional due process in connection with the DR hearing.  The state court, however, dismissed Petitioner's claims for lack of jurisdiction because he failed to file his petition within thirty days of exhausting his administrative remedies.

Finally, the rule relied on by the state court—that Petitioner was required to file his petition within 30 days of exhaustion of his administrative remedies— is "firmly established and regularly followed."  *See* Fla. R. App. P. 9.100( c)(4); Fla. Stat. § 95.11(8); *Kalway v. Singletary*, 708 So. 2d 267 (Fla. 1998)("[A] thirty-day time limit provides a reasonable window of opportunity for challenging the Department's disciplinary action.").   For these reasons, the Petition is unexhausted and procedurally defaulted and, therefore, this Court lacks jurisdiction to review the Petition.

**C.  Petitioner fails to present a cognizable constitutional claim.**

Finally, the Petition fails to present a cognizable constitutional claim for habeas relief.  Petitioner claims that the disciplinary hearing lacked due process because he was prevented from obtaining evidence, the disciplinary team would not accept his written statement, the disciplinary team failed to offer staff assistance, and the disciplinary team failed to provide a written statement of its findings.  However, the procedural protections of due process *only* exist where Petitioner has been deprived of either a liberty or

property interest.  *See Swarthout v. Cooke*, 131 S.Ct. 859, 861 (2011)(emphasis added).

Petitioner's placement in disciplinary confinement for a total of 30 days was not a deprivation of liberty that triggers constitutional due process protection.  *See Sandin v. Connor*, 515 U.S. 472, 486 (1995) (thirty-day placement in disciplinary confinement was not atypical or significant enough to trigger due process protection).   Petitioner lost no gain time in connection with the DR, and as such he is not entitled to the protections of due process.  *Id.*

To the extent that Petitioner argues that his placement in disciplinary confinement prevented him from earning gain time, effectively extending his release date, this argument also fails, as discussed previously.  Petitioner does not have a liberty interest in earning gain time.  *Hartley v. Warden*, 352 F. App'x 368, 2009 WL 3738508 (11th Cir. 2009) (unpublished).[3]

Finally, to the extent Petitioner alleges a liberty interest either based on DOC rules or alleged impropriety in the inmate grievance process, neither of those trigger the protections of federal due process.  *Hildebrandt v. Butts*, 550 F. App'x 697, 700 (11th Cir. 2013)("Federal due process does not require that state prison officials strictly comply with administrative regulations governing disciplinary hearings in the prison setting."); *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) ("Moreover, as various circuits have held when ruling on an inmate's claim that he was denied use of a prison's grievance procedure, an inmate has no constitutionally-protected liberty interest in

---

[3] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not binding precedent, but may be cited as persuasive authority.

access to that procedure."). Petitioner has no liberty or property interest that would trigger the protections of due process and, therefore, he fails to state a cognizable constitutional claim for habeas relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus, Doc. 9, should be **GRANTED** and the petition for writ of habeas corpus, Doc. 1, should be **DISMISSED**.

2.  A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 30th day of April 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**